**BEXAR COUNTY, Texas, Appellant,**

v.

**Elvin J. GANT, Jr., Appellee.**

**No. 04–01–00625–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 16, 2002.

Leslie J.A. Sachanowicz, Asst. Dist. Atty., San Antonio, for Appellant.

Peter J. Stanton, Law Offices of Peter J. Stanton, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, and PAUL W. GREEN, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice.

This is an accelerated appeal from the trial court's denial of a motion for summary judgment asserting that the trial court was without subject matter jurisdiction to consider the underlying cause. The only issue presented for our review is whether Elvin J. Gant, Jr. ("Gant") exhausted his administrative remedies before filing the underlying lawsuit. If he did, the trial court properly ordered that he may go forward with his lawsuit. We conclude that he did so. All administrative remedies were exhausted as to Gant's claims except Gant's claim for unlawful retaliation. Accordingly, we affirm the trial court's judgment denying the County's summary judgment as to all of Gant's claims except the claim for unlawful retaliation. We reverse the trial court's judgment as to the unlawful retaliation claim and dismiss this claim based on Gant's failure to exhaust his administrative remedies.

### BACKGROUND

Gant filed a charge of discrimination with the Texas Commission on Human Rights (the "Commission") on July 9, 1999. The complaint stated that Gant believed he had been discriminated against because of his race/national origin, color, sex and age. The complaint alleged that Gant was subjected to a racial slur, was not selected for promotion, and was terminated for supposedly poor performance. Gant subsequent-

ly received a right to sue letter from the Commission.

After receiving the right to sue letter, Gant filed a lawsuit against the County. The following facts are based on the recitals in the petition. On December 27, 1998, Gant was hired to work for the County on a six month probationary period. Gant believed that the executive director of the department for which Gant worked disagreed with the decision to hire Gant. On January 6, 1999, Gant said he overheard the executive director state during a telephone conversation, ... "that nigger may have gotten his foot in the door, but that doesn't mean he will stay...." Gant knew the executive director was referring to him and knew that he would have trouble on his new job.

The executive director subsequently delayed implementation of a program assigned to Gant and disapproved of an administrative policy proposal developed by Gant in connection with the program. Gant made his superiors aware of his opposition to the County's discriminatory practices against women and attempted to develop a sexual harassment policy. However, the County restricted Gant's participation in the formulation of a policy and, instead, enhanced employee training in the area.

Gant was passed over for three open positions that were left unfilled until after Gant's termination at which time they were filled by "less qualified African-American persons." In March of 1999 and on June 21, 1999, Gant was informed that his overall job performance was at an acceptable level although no formal performance appraisal was given. However, on June 24, 1999, the executive director informed Gant that he would not be retained beyond the probationary period.

Gant alleged that the County violated the Texas Human Rights Act ("Act") by discharging him at the end of his probationary period and by failing to hire him for vacant positions during his probationary period. Gant further alleged that a motivating factor for the adverse employment actions was Gant's race. Finally, Gant alleged that the adverse employment actions were also taken in retaliation against Gant for his opposition to the County's discriminatory practices.

The County filed a motion for summary judgment, asserting that Gant failed to exhaust his administrative remedies and, therefore, the trial court was without subject matter jurisdiction. The County contended that the 180–day period for the filing of Gant's complaint with the Commission began on January 6, 1999, when Gant overheard the executive director's racial slur. Because Gant failed to file his complaint within 180 days from January 6, 1999, the County asserted that the complaint was untimely filed, and Gant failed to exhaust his administrative remedies.

Gant responded that he timely filed his complaint because no unlawful employment practice occurred on January 6, 1999, when Gant said he overheard the racial slur. The unlawful employment practices arose on later dates when he was passed over for other positions and when he was ultimately discharged.

## JURISDICTION AND STANDARD OF REVIEW

■ Gant asserts that this court lacks jurisdiction to consider this appeal because it is the denial of a motion for summary judgment, not the denial of a plea to the jurisdiction. However, it is the substance of the procedural vehicle that confers jurisdiction, not the format. A governmental unit may appeal an interlocutory order that grants or denies a plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2001). A

plaintiff's failure to exhaust administrative remedies is a jurisdictional defect that deprives both the trial court and this court of jurisdiction. *Essenburg v. Dallas County,* 988 S.W.2d 188, 189 (Tex.1998); *New Caney Ind. Sch. Dist. v. Burnham Auto-Country, Inc.,* 30 S.W.3d 534, 536 (Tex. App.-Texarkana 2000, pet. denied). Because the County's motion for summary judgment questions Gant's failure to exhaust his administrative remedies, the substance of the motion is a plea to the jurisdiction which this court has jurisdiction to consider.

■ We review a trial court's ruling on a plea to the trial court's subject matter jurisdiction de novo. *Herring v. Welborn,* 27 S.W.3d 132, 136 (Tex.App.-San Antonio 2000, pet. denied); *Rylander v. Caldwell,* 23 S.W.3d 132, 135 (Tex.App.-Austin 2000, no pet.). We accept all allegations in Gant's pleading as true to determine whether an incurable jurisdictional defect is apparent on the face of the pleadings, rendering it impossible for Gant's position to confer jurisdiction on the trial court. *Herring,* 27 S.W.3d at 136; *Rylander,* 23 S.W.3d at 135.

### DISCUSSION

In his pleadings, Gant alleged that the County violated sections 21.051 and 21.055 of the Texas Labor Code ("Code"). Section 21.051 of the Code provides that an employer commits an unlawful employment practice if because of race the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or terms, conditions, or privileges of employment; or

(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of the employee.

TEX. LAB.CODE ANN. § 21.051 (Vernon 1996). Section 21.055 of the Code provides that an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice. TEX. LAB.CODE ANN. § 21.055 (Vernon 1996).

Any person aggrieved by an unlawful employment practice may file a complaint with the Commission. TEX. LAB.CODE ANN. § 21.201 (Vernon 1996). The complaint must be filed no later than the 180th day after the date the alleged unlawful employment practice occurred. TEX. LAB.CODE ANN. § 21.202(a) (Vernon 1996). The Commission must dismiss an untimely complaint. TEX. LAB.CODE ANN. § 21.202(b) (Vernon 1996).

■ Gant asserts three separate complaints: (1) unlawfully failing to hire Gant for other job vacancies; (2) unlawful discharge/failure to retain beyond probationary period; and (3) unlawful retaliation for opposing a discriminatory practice. A lawsuit under the Act is limited to claims made in the discrimination complaint and "factually related claims that could reasonably be expected to grow out of the Commission's investigation of the charges." *Thomas v. Clayton Williams Energy, Inc.,* 2 S.W.3d 734, 738 (Tex.App.-Houston [14th Dist.] 1999, no pet.). The purpose of expanding the right to raise claims beyond the specific complaints made in the discrimination complaint is to protect lay persons who make the discrimination complaint without legal training or assistance. *Fine v. GAF Chem. Corp.,* 995 F.2d 576, 577 (5th Cir.1993).

■ In this case, Gant's administrative complaint alleged that unlawful employ-

ment practices had been taken against him based on his race. No allegations were made in the administrative complaint that Gant filed with the Commission regarding unlawful employment practices being taken against him based on his opposition to the County's discriminatory treatment of women which is the retaliation complaint alleged in Gant's petition.[1] Unlawful retaliation for opposing sexual harassment is not a "factually related claim that could reasonably be expected to grow out of" an investigation of Gant's race discrimination complaint. *Thomas,* 2 S.W.3d at 738. Therefore, Gant has failed to exhaust his administrative remedies with respect to this claim, and the trial court is without jurisdiction to consider this claim.

■ With regard to the race discrimination complaint, the issue is whether an unlawful employment practice occurred on January 6, 1999, requiring Gant to file a complaint within 180 days of that date. Section 21.051 defines the types of unlawful discrimination practices that are actionable: (1) failure or refusal to hire; (2) discharge; (3) discrimination in connection with compensation or terms, conditions, or privileges of employment; or (4) limiting, segregating or classifying an employee in a manner that deprives or tends to deprive the employee of an employment opportunity or affects the employee's status.

In *Specialty Retailers, Inc. v. DeMoranville,* the Texas Supreme Court considered when an unlawful employment practice had occurred for purposes of the 180–day requirement. 933 S.W.2d 490 (Tex.1996). The court noted that the plaintiff alleged that her supervisor discriminated against her by favoring younger workers while continually criticizing the plaintiff and requiring her to work after hours, creating a hostile work environment and causing stress and strain. *Id.* at 491. However, the court held that an unlawful employment practice only occurred on the date that the plaintiff was informed that she was being replaced and would be fired if her leave lasted longer than one year. *Id.* At that point in time, the terms and conditions of her employment were affected. Although the court noted that the basis of her complaint was the treatment she received, the court did not find an actionable unlawful employment act until the plaintiff was informed she was being replaced and was subject to termination.

In this case, the racial slur can be compared to an isolated incident in the discriminatory treatment received by the plaintiff in *DeMoranville.* The Texas Supreme Court did not find that the discriminatory treatment triggered the 180–day provision. The 180 day period only commenced when the plaintiff was informed that she was being replaced and that she could possibly be fired.

The racial slur does not fit within any of the categories of unlawful employment practices contained in section 21.051; therefore, it did not sufficiently alter the terms and conditions of employment to be actionable. *See Indest v. Freeman Decorating,* 164 F.3d 258 (5th Cir.1999) (noting isolated incidents do not amount to discriminatory changes in terms and conditions of employment unless extremely serious); *see also Villarreal v. Williams,* 971 S.W.2d 622, 625 (Tex.App.-San Antonio 1998, no pet.) (noting discrimination claim arises when employee receives notice of

---

1. Gant does not complain that retaliatory action was taken against him because of the discrimination complaint he filed with the commission. *See Thomas v. Clayton Williams Energy, Inc.,* 2 S.W.3d 734, 738 (Tex.App.- Houston [14th Dist.] 1999, no pet.) (noting retaliation complaint arising from filing of complaint does not require a second complaint to be filed and administrative remedies exhausted).

discriminatory decision). Although evidence of the racial slur may be evidence of the discriminatory intent underlying the subsequent unlawful employment practice (which would be a reason for including the date in the administrative complaint form), the racial slur itself is not defined as an unlawful employment practice. Therefore, the 180 day period did not run from January 6, 1999, and the trial court properly denied the summary judgment as to Gant's claims that the County discriminated against him because of his race when he was passed over for other job vacancies and when he was discharged following the probationary period.

## CONCLUSION

The trial court's judgment denying the County's summary judgment as to Gant's claims that the County discriminated against him because of his race when he was not hired for other job vacancies and when he was discharged following the probationary period is affirmed. The trial court's judgment as to Gant's claim for retaliation is reversed, and this claim is dismissed for lack of jurisdiction.