Reversed and Remanded and Opinion filed April 14, 2005









Reversed and Remanded and Opinion
filed April 14, 2005.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01212-CV

_______________

 

DAVID E. MOORE, Appellant

 

V.

 

UNIVERSITY OF HOUSTON-CLEAR LAKE,
Appellee

                                                                                                                                               


On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 01‑04304

                                                                                                                                               


 

O
P I N I O N








This
is an appeal from the trial court=s grant of a plea to the jurisdiction
in a suit filed under the Whistleblower Act. 
Appellant David E. Moore argues the trial court erred in granting the
University of Houston-Clear Lake=s (UHCL) plea because his pleadings
demonstrate he initiated action under UHCL=s grievance procedures, and UHCL=s jurisdictional plea was an improper
procedural device to challenge the timeliness of his Whistleblower Act claims.[1]  We agree. 
Because we conclude that Moore initiated action under UHCL=s grievance procedures, and this
court has previously held that a limitations defense under the Whistleblower
Act cannot be raised in a plea to the jurisdiction,[2]
the trial court erred in granting UHCL=s plea based on these grounds.  Accordingly, we reverse the trial court=s judgment and remand this cause for
further proceedings consistent with this opinion.  

I.  Factual and
Procedural Background


Moore
was terminated from his position as a UHCL police officer on September 14,  2000, and sued UHCL under the Whistleblower
Act on January 25, 2001.  UHCL filed its
plea to the jurisdiction, challenging Moore=s suit as untimely under the
Act.  Moore filed a motion to strike the
plea[3]
and a conditional response, arguing that (1) his pleadings demonstrated he had
pursued UHCL=s grievance procedures; (2) UHCL=s plea was an improper procedural
device to challenge his suit based on the Act=s limitations provisions; and (3)
even if UHCL=s plea could be construed as a
summary judgment motion, it was defective because it was unverified, untimely,
and improperly noticed.  Moore appeals
the trial court=s judgment granting UHCL=s plea and asserts the same issues on
appeal as raised in his conditional response. 

II.  Discussion








In
its plea, UHCL argued that (1) because Moore failed to notify UHCL he was
appealing his termination Abased on whistleblower protection,@ he did not initiate a grievance as
required under the Act and therefore, his suit was untimely; (2) alternatively,
Moore initiated the appeals process on October 19, 2000, rendering his suit
untimely; and (3) even assuming Moore initiated an appeal of his termination in
September 2000, his suit was untimely. 
UHCL did not argue that Moore=s pleadings were deficient in any
manner.[4]

A.        UHCL=s Jurisdictional Argument

This
court has previously held that a defendant=s challenge to a claim based on the
limitations provisions in the Whistleblower Act is an affirmative defense,
rather than a jurisdictional defect, which cannot be raised in a plea to the
jurisdiction.  See Univ. of Houston v.
Elthon, 9 S.W.3d 351, 356 (Tex. App.CHouston [14th Dist.] 1999, pet. dism=d w.o.j.), disapproved of
on other grounds, Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004); Univ.
of Tex. Med. Branch at Galveston v. Barrett, 112 S.W.3d 815, 817 (Tex. App.CHouston [14th Dist.] 2003), aff=d 48 Tex. Sup. Ct. J. 472, 2005 WL 563094 (Tex. March
11, 2005) (per curiam).  Arguably, all
three grounds asserted by UHCL in its plea are limitations arguments, and
consequently, could not be raised in a plea to the jurisdiction.[5]  However, a claimant=s complete failure to initiate
an appeals procedure has been construed as jurisdictional.  Therefore, to the extent that UHCL argues
Moore wholly failed to initiate action under the Act, we address that
portion of UHCL=s claim as though properly raised in its plea.[6]









1.         Standard
of review 

A
plea to the jurisdiction challenges the trial court=s subject matter jurisdiction.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  Because
subject matter jurisdiction is a question of law, we review the trial court=s ruling on the plea de novo.  Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998).  In deciding
a plea to the jurisdiction, a court may not consider the merits of the case,
but only the plaintiff=s pleadings and the evidence relevant to the jurisdictional
inquiry.  County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002); Berry v. Bd. of Regents of Tex. S. Univ.,
116 S.W.3d 323, 324B25 (Tex. App.CHouston [14th Dist.] 2003, pet. denied).  We accept the allegations in the pleadings as
true in determining whether an incurable jurisdictional defect is apparent,
rendering it impossible for the plaintiff=s claims to confer jurisdiction on
the trial court.  Bexar County v. Gant,
70 S.W.3d 289, 292 (Tex. App.CSan Antonio 2002, pet. denied). 








2.         The
Act=s provisions

Under
section 554.005 of the Whistleblower Act, an employee of a governmental entity
must file his suit Anot later than the 90th day after the date@ the alleged adverse personnel action
occurred or was discovered by the employee through reasonable diligence.  Tex.
Gov=t Code Ann. ' 554.005 (Vernon 2004).  Section 554.006 of the Act provides that the
employee Amust initiate action@ under the employer=s grievance or appeal procedures, and
the time expended by the employee in pursuing those procedures is excluded from
the time period in section 554.005.  Id.
' 554.006(a), (c).  In this case, Moore was terminated on
September 14, triggering the ninety day period under the Act.  See Specialty Retailers, Inc. v.
DeMoranville, 933 S.W.2d 490, 491 (Tex. 1996) (per curiam) (holding that
adverse employment action occurred on date employee was informed she was being replaced).   

3.         Did
Moore Ainitiate action@ under the Whistleblower Act?

Moore
alleged in his pleadings that UHCL=s internal appeals process was
concluded on November 8, 2000.[7]  UHCL attached, in part, the following
evidence pertinent to its assertions in the plea:

(1)       a copy of an email from Moore to
Katherine Justice, the Executive Director of UHCL=s Human
Resources department, dated September 19 advising her that he wished to appeal
his termination, and Justice=s responsive email, advising Moore that she would be
meeting with three individuals chosen to be on his hearing panel; 

(2)       a handwritten note, dated September 19,
from Moore to Justice advising her that he intended to appeal his termination; 

(3)       a copy of UHCL=s ARequest for a Post-Suspension or Post-Dismissal
Hearing@ form filled out by Moore on September 20; 








(4)       a memorandum dated September 28, from
Justice to Moore and Chief Herbst[8]
stating that Moore had Afiled a timely request for a post-dismissal hearing@ and advising them the hearing was scheduled for
October 19, 2000; 

(5)       a memorandum dated October 19, from
Justice to William Staples, UHCL=s
president, with the panel=s recommendation to uphold Moore=s termination following the hearing; 

(6)       a memorandum from Justice to Moore, dated
October 27 advising Moore that Staples had upheld the termination and stating, A[t]his is the final step in the internal grievance
and appeal process according to UHCL policy.@  

 

(Emphasis
added).  We conclude this evidence
establishes that UHCL itself had determined Moore timely filed an appeal of his
termination, and the appeals process had been concluded.

Nevertheless,
in its plea, UHCL reasoned that, because Moore did not specifically advise UHCL
he was appealing his termination based on whistleblower claims, UHCL was
deprived of an opportunity to investigate Moore=s allegations, and the appeals
procedure was never initiated as intended under the Whistleblower Act.[9]  

Although
a public employee must initiate action under his employer=s grievance or appeals procedures
before filing suit against the employer, the Act does not dictate what  actions are required to Ainitiate@ the appeals procedure.  See Tex.
Gov=t Code Ann. ' 554.006(a); City of Austin v.
Ender, 30 S.W.3d 590, 594 (Tex. App.CAustin 2000, no pet.); see also
Barrett v. Univ. of Tex. Med. Branch at Galveston, No. 14-97-00981-CV, 1999
WL 233341, at * 4 (Tex. App.CHouston [14th Dist.] April 22, 1999, pet. denied) (not
designated for publication).  The Act
does not require that the employee use any particular words when filing his
grievance, nor does it require he state that his appeal is based on the
Whistleblower Act.[10]  








Regardless,
the evidence in the record reflects that UHCL had notice of Moore=s whistleblower claims prior to his
termination, thus alerting UHCL of Moore=s potential whistleblower
claims.  In his conditional response to
UHCL=s plea, Moore attached a copy of a
memorandum prepared on September 6, 2000, concerning an internal investigation
into Moore=s entering the office of a UHCL
administratorBBthe reason stated by UHCL for
terminating Moore.  In the memorandum, it
was noted that Moore claimed he had entered the administrator=s office to obtain evidence of Acriminal wrongdoing@ by the University.  It was also stated that Moore previously
reported various wrongdoings by Chief Herbst and the investigator advised
Herbst as follows:

I
strongly urge Chief Herbst and the University to seek legal counsel prior to
taking any further action against this employee.  If this employee has protection under the
Texas Whistleblowers Protection Act, any adverse employment action taken
against him within a certain amount of time from his notification of alleged
criminal activity to the D.A.=s office can be considered retaliatory and open both Chief
Herbst and the University to liability.

Therefore, the
evidence relevant to the jurisdictional issue raised by UHCL, construed in
Moore=s favor, suggests that UHCL had
notice of Moore=s potential whistleblower claims.  See City of New Braunfels v. Allen,
132 S.W.3d 157, 161 (Tex. App.CAustin 2004, no pet.) (stating that because the Act is
remedial in nature, it should be liberally construed to effect its purpose);[11]
cf. Barrett, 112 S.W.3d at 818 (likening the requirements of section
554.006 as notice requirements); Gregg County v. Farrar, 933 S.W.2d 769,
773 (Tex. App.CAustin 1996, writ denied) (same).








Finally,
even assuming that UHCL did not have notice of Moore=s whistleblower claims prior to his
termination, UHCL acknowledges that Moore asserted he was terminated in
retaliation for his whistleblowing activities at his grievance hearing on
October 19.  While we agree that the
purpose of section 554.006 is to allow the governmental employer an opportunity
to Acorrect its own errors by resolving
disputes before being subjected to the expense and effort of litigation,@[12] there is nothing in the record to
indicate that UHCL was prevented from investigating Moore=s allegations following his claims at
the grievance hearing.  Instead, the
record reflects that on that same date, the panel recommended to UHCL=s president that Moore=s termination be upheld.  

In
sum, we reject UHCL=s argument that Moore failed to initiate an appeal of his
termination, and the trial court erred in granting UHCL=s plea on that basis.  We next address UHCL=s limitations arguments.

B.        Challenging
Claims as Untimely under the Whistleblower Act








UHCL
argued in its plea that, even if Moore initiated the appeals process, his suit
was nonetheless untimely.  But, as
stated, this court has previously determined that a defendant cannot challenge
a plaintiff=s suit as untimely under the
Whistleblower Act in a plea to the jurisdiction.  See Elthon, 9 S.W.3d at 356B57 (concluding that a limitations
defense under the Whistleblower Act is an affirmative defense that cannot be a
basis for sustaining a plea to the jurisdiction); Barrett, 112 S.W.3d at
817.  Other intermediate appellate courts
have agreed.  E.g., Allen,
132 S.W.3d at 160; Tex. Dept. of Mental Health & Mental Retardation v.
Olofsson, 59 S.W.3d 831, 833 (Tex. App.CAustin 2001, no pet.); Castleberry
Indp. Sch. Dist. v. Doe, 35 S.W.3d 777, 782 
(Tex. App.CFort Worth 2001, pet. dism=d w.o.j.);[13]
but see Tex. S. Univ. v. Carter, 84 S.W.3d 787, 791B92 (Tex. App.CHouston [1st Dist.] 2002, no pet.)
(concluding that failure to timely initiate grievance procedure under
Whistleblower Act was jurisdictional defect). 
Consequently, to the extent UHCL argued in its plea that the trial court
lacked jurisdiction over Moore=s suit because it was untimely, the trial court erred in
granting the plea.  See Elthon, 9
S.W.3d at 356; Barrett, 112 S.W.3d at 817; see also Wichita Falls
State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003) (stating that the
language of section 554.0035 in the Whistleblower Act is a clear waiver of
immunity from liability, and also stating that immunity from liability, as
opposed to immunity from suit, does not affect a court=s jurisdiction and cannot be raised
in a plea to the jurisdiction); Tex. Gov=t Code Ann. '' 554.005, 554.006(c) (labeling
section 554.005 as a ALimitation Period@; section 554.006(c) addresses
tolling that period, contributing to the determination of whether a claimant=s suit is timely). 

In
conclusion, whether the trial court sustained UHCL=s plea based on its argument that
Moore failed to initiate action under its grievance procedures or that, even if
he had initiated action, his suit was untimely, we conclude the trial court
erred in granting UHCL=s plea to the jurisdiction. 
Accordingly, the judgment of the trial court is reversed and this cause
is remanded for further proceedings consistent with this opinion.  

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Opinion filed April 14, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman. 











[1]  See Tex. Gov=t Code Ann. ' 554.001B.010
(Vernon 2004).





[2]  See, e.g.,
Univ. of Houston v. Elthon, 9 S.W.3d 351, 356 (Tex. App.CHouston [14th Dist.] 1999, pet. dism=d w.o.j.), disapproved of on other grounds,
Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004); see also Univ.
of Tex. Med. Branch at Galveston v. Barrett, 112 S.W.3d 815, 817 (Tex. App.CHouston [14th Dist.] 2003), aff=d 48 Tex.
Sup. Ct. J. 472, 2005 WL 563094 (Tex. March 11, 2005) (per curiam); Tex. R. Civ. P. 94 (stating that
limitations is an affirmative defense).  





[3]  This motion is
not contained in the record. 





[4]  We acknowledge
that, generally, we should look to the substance of a pleading rather than its
caption or format to determine its nature. 
See Surgitek, Bristol‑Myers Corp. v. Abel, 997 S.W.2d 598,
601 (Tex. 1999); Wilie v. Signature Geophysical Servs., Inc., 65 S.W.3d
355, 362 (Tex. App.CHouston [14th Dist.] 2001, pet. denied).  However, we agree with Moore that even were
we to construe the plea as a summary judgment motion, it was untimely
noticed.  In this case, UHCL filed its
plea on September 12, 2003, and a hearing was held on the plea on September 26.  Under Rule 166a(c), a motion for summary
judgment Ashall be filed and served at least twenty‑one
days before the time specified for hearing.@  Tex.
R. Civ. P. 166a(c).  Because
summary judgment is a harsh remedy, the notice provisions of Rule 166a(c) are
strictly construed.  Stephens v.
Turtle Creek Apartments, Ltd., 875 S.W.2d 25, 27 (Tex. App.CHouston [14th Dist.] 1994, no writ).  In addition to his motion to strike the plea
and his conditional response, Moore reasserted his objections to the plea
during the hearing.   





[5]  In its order,
the trial court granted the plea in its entirety.  





[6]  See Elthon,
9 S.W.3d at 355.  Texas=s appellate courts disagree whether initiating action
under the Act is a jurisdictional defect, which can be raised in a plea to the
jurisdiction, or an affirmative defense, which cannot be raised in a plea.  Compare Tex. S. Univ. v. Carter,
84 S.W.3d 787, 790 (Tex. App.CHouston [1st Dist.] 2002, no pet.) (arguing that the
timely initiation of a grievance under the Whistleblower Act is a
jurisdictional defense), with Barrett, 112 S.W.3d at 818B19 (examining the language of section 554.006(a),
which states an employee Amust initiate action,@ and
disapproving of previous cases finding noncompliance with the provision as
jurisdictional).  In Barrett, this
court noted that the only reference within the Whistleblower Act to sovereign
immunity was in section 554.0035, which provides:

 

A public employee who alleges a violation of this
chapter may sue the employing state or local governmental entity for the relief
provided by this chapter.  Sovereign
immunity is waived and abolished to the extent of liability for the relief
allowed under this chapter for a violation of this chapter.

 

Id. at
817.  We then stated that the plain
language of the provision Afits all claims alleged under the chapter-big or
little, early or late.@  Id.  We concluded that, because the appellee had
alleged a violation under the Act and sought relief allowed by the Act,
sovereign immunity was waived, suggesting that the failure to initiate a
grievance procedureBBtimely or otherwiseBBwas
not jurisdictional.  Id. at 818B19.  In its
recent per curiam opinion affirming Barrett, the Texas Supreme Court
declined to decide whether the failure to meet the requirements of section
554.006 is jurisdictional, noting that Athe
purpose [of the requirements] is adequately protected by abating a prematurely
filed action.@ 48 Tex. Sup. Ct. J. 472, 473, 2005 WL 563094, at
*1.  Because the issue remains unclear,
for the purposes of this appeal we distinguish between a claimant=s complete failure to initiate action under the
employer=s appeals procedure, which we address as a
jurisdictional defect, and the failure to timely initiate action under
the appeals procedure, which we address as a limitations argument.   





[7]  There is no
dispute that Moore received notice of the conclusion of the appeals procedure
on November 8, 2000.   





[8]  Moore had
alleged wrongdoings by UHCL=s Police Chief Michael J. Herbst.  It was Herbst who  informed Moore that he was being terminated
from his position as a UHCL police officer. 






[9]  See Barrett,
112 S.W.3d at 818 (noting that purpose is to encourage parties to resolve
disputes without litigation); see also City of Austin v. Ender, 30
S.W.3d 590, 594 (Tex. App.CAustin 2000, no pet.). 





[10]  Also, UHCL did
not contend in its plea that Moore had failed to initiate action under UHCL=s grievance procedures, only that his failing to
advise UHCL of his whistleblower claims thwarted the purpose of the statute. 





[11]  The Act has
two legislative purposes: (1) to protect public employees from retaliation by
their employer when, in good faith, employees report a violation of the law;
and (2) to secure lawful conduct on the part of those who direct and conduct
the affairs of public bodies.  City of
New Braunfels v. Allen, 132 S.W.3d 157, 161 (Tex. App.CAustin 2004, no pet.)





[12]  Gregg
County v. Farrar, 933 S.W.2d 769, 775 (Tex. App.CAustin 1996, writ denied).   





[13]  Cf.
Martinez v. Val Verde County Hosp. Dist., 110 S.W.3d 480, 485 (Tex. App.CSan Antonio 2003) (concluding that Tort Claims Act
notice requirement was an affirmative defense and therefore, should not have
been raised in a plea to the jurisdiction), aff=d on
other grounds, 140 S.W.3d 370 (Tex. 2004); Baylor Coll. of Med. v. Tate,
77 S.W.3d 467, 471B72 (Tex. App.CHouston
[1st Dist.] 2002, no pet.) (noting that immunity from suit and from liability
are two distinct protections with entirely different procedural postures;
immunity from liability is an affirmative defense and the appropriate mechanism
to assert immunity from liability is in a motion for summary judgment).