# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00203-CV

**Texas Department of Mental Health and Mental Retardation and Terrell State Hospital, Appellants**

**v.**

**Shatha M. Olofsson, M.D., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. 94-00989, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

This is an interlocutory appeal by Terrell State Hospital and the Texas Department of Mental Health and Mental Retardation challenging the district court's denial of their plea to the jurisdiction. We will affirm the denial of their plea.

Appellee, Shatha Olofsson, was a physician at the Terrell State Hospital. She alleges that appellees retaliated against her for her September 1992 oral report and February 1993 written report that a fellow physician at the hospital had boasted of physically attacking a patient. She alleges she endured a series of retaliatory actions leading to her emotional breakdown and ingestion of an overdose of Elavil in August 1993; to her consequent suspension from employment in August 1993; and to her constructive discharge when appellants refused to reinstate her before her accrued leave expired in November 1993. She filed suit under the Whistleblower Act in January 1994.

Appellants filed a plea to the jurisdiction in January 2001. They contend that the district court lacks jurisdiction over Olofsson's Whistleblower cause of action because she failed to

comply with a statutory prerequisite for maintaining a suit under the Whistleblower Act; specifically, they contend that she failed to file suit within ninety days of the alleged retaliatory action. *See* Tex. Gov't Code Ann. § 554.005 (West 1994). They contend that, based on her filing date, only retaliations occurring after October 28, 1993 could confer jurisdiction. They contend in their motion that their November 8, 1993 report of her overdose to the Texas Board of Medical Examiners was required and could not be considered retaliation, that she could not complain of constructive discharge on that date, and that there was no tolling of the Whistleblower Act claim. The district court denied this plea to the jurisdiction without stating a basis.

The district court's determination of subject-matter jurisdiction is a question of law that we review de novo. *Texas State Employees Union/CWA Local 6184 A.F.L.C.I.O. v. Texas Workforce Comm'n*, 16 S.W.3d 61, 65 (Tex. App.—Austin 2000, no pet.) (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)).

We conclude that the district court did not err by denying appellants' plea to the jurisdiction without addressing whether Olofsson filed suit outside the ninety-day period. The Whistleblower Act provides, in a section entitled "Limitation Period," that "a public employee who seeks relief under this chapter must sue not later than the 90th day after the date on which the alleged violation of this chapter: (1) occurred; or (2) was discovered by the employee through reasonable diligence." Tex. Gov't Code Ann. § 554.005. Noncompliance with this limitation period gives rise to the affirmative defense of limitations, but it is not grounds for a plea to the jurisdiction. *University of Houston v. Elthon*, 9 S.W.3d 351, 356 (Tex. App.—Houston [14th Dist.] 1999, pet. dism'd w.o.j.); *see* Tex. R. Civ. P. 94; *cf. Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000).

2

Accordingly, we need not consider in this interlocutory appeal whether Olofsson filed suit within ninety days of any retaliation. Because limitations is not a jurisdictional issue in this Whistleblower case, appellants' assertion of the limitations bar does not show error in the district court's denial of the plea to the jurisdiction.

We affirm the denial of the plea to the jurisdiction

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   October 25, 2001

Publish