# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00384-CV
NO. 03-03-00385-CV

**City of New Braunfels, Appellant**

**v.**

**Roger G. Allen, Appellee**

**&**

**Christopher S. Allen, Appellee**

FROM THE DISTRICT COURTS OF COMAL COUNTY, 207TH & 22ND JUDICIAL
DISTRICTS
NOS. C2002-1142B & C2002-1141A, HONORABLE CHARLES R. RAMSAY,
JUDGE PRESIDING

**O P I N I O N**

Appellant, City of New Braunfels (the "City"), brings this consolidated interlocutory

appeal, challenging the district court's orders denying its pleas to the jurisdiction. The City argues

that appellees Roger G. Allen and Christopher S. Allen[1] failed to show clear and unambiguous

waivers of sovereign immunity in their claims for wrongful termination. Appellees filed suit

alleging three claims for relief: (1) claims for wrongful termination under the Texas Whistleblower

_____

[1] We will refer to Roger G. Allen and Christopher S. Allen collectively as "appellees" except
where necessary to refer to them individually by their first names.

Act; (2) claims under chapter 614 of the Texas Government Code; and (3) negligence claims under the Texas Tort Claims Act. *See* Tex. Gov't Code Ann. §§ 554.001-.010 (West 1994 & Supp. 2004); *id.* §§ 614.001-.101 (West 1994 & Supp. 2004); Tex. Civ. Prac. & Rem. Code. Ann. §§ 101.001-.109 (West 1997 & Supp. 2004).

We will reverse the district court's orders denying the City's pleas to the jurisdiction with respect to the negligence claims and the claims under chapter 614 of the government code. However, this Court has previously held that noncompliance with the limitations provision of section 554.005 of the Whistleblower Act gives rise to the affirmative defense of limitations, but is not grounds for a plea to the jurisdiction. *Texas Dep't of Mental Health v. Olofsson*, 59 S.W.3d 831, 833 (Tex. App.—Austin 2001, pet. dism'd); *see* Tex. Gov't Code Ann. § 554.005 (West 1994). In reaffirming *Olofsson*, we will affirm the district court's orders denying the City's pleas to the jurisdiction with respect to appellees' whistleblower claims.

## BACKGROUND AND PROCEDURE

Appellees, former police officers with the City, were terminated, allegedly in retaliation for filing reports of misconduct by a supervisor. Roger contends an additional reason for his termination was his filing multiple reports of sexual harassment by a separate supervisor. Appellees filed grievances with the City and subsequently filed suit alleging claims under the Whistleblower Act, claims under chapter 614 of the government code,[2] and negligence claims under

---

[2] Chapter 614 of the government code, entitled "Peace Officers and Fire Fighters," concerns various rights and privileges of peace officers and fire fighters. *See* Tex. Gov't Code Ann. §§ 614.001-.104 (West 1994 & Supp. 2004). Although chapter 614 provides a procedure for filing a complaint against a peace officer or fire fighter, the chapter does not appear to support an

2

the Texas Tort Claims Act.[3] *See* Tex. Gov't Code Ann. §§ 554.001-.010; *id.* §§ 614.001-.101; Tex. Civ. Prac. & Rem. Code. Ann. §§ 101.001-.109.

The Whistleblower Act provides a 90-day "limitation period" for an employee to file suit. Tex. Gov't Code Ann. § 554.005.[4] But before filing suit, the employee is required to initiate the governmental agency's grievance or appeal procedure not later than 90 days after the alleged violation occurred or was discovered by the employee through reasonable diligence. *Id.* § 554.006 (West Supp. 2004). Section 554.006 also provides a complicated procedure that tolls the 90-day limitations provision of section 554.005. *See id.* § 554.006(c)-(d). The interplay between the limitations section and the grievance procedure requires resolution of facts regarding when the employee's grievance was filed and denied; it also includes a possible election that the employee may make regarding whether to exhaust applicable grievance or appeal procedures or terminate the procedures and file suit. *See id.*

---

independent cause of action. *See id.*

[3] Appellees alleged that the City was "negligent in the investigation" of misconduct allegedly committed by appellees during their employment, which the City alleges was the reason for their terminations.

[4] Section 554.005, entitled "Limitation Period," provides:

> Except as provided by Section 554.006, a public employee who seeks relief under this chapter must sue not later than the 90th day after the date on which the alleged violation of this chapter:
>
> (1) occurred; or
>
> (2) was discovered by the employee through reasonable diligence.

Tex. Gov't Code Ann. § 554.005 (West 1994).

The City filed pleas to the jurisdiction on all claims, specifically insisting that appellees failed to comply with the limitations provision of the Whistleblower Act. *See id.* § 554.005. Appellees, relying on a different understanding of when their grievances were filed and a different reading of the tolling provisions of the statute, responded that their whistleblower suits were timely filed. Further, they argued that even if the City's allegations were true, section 554.005 of the Whistleblower Act is clearly a statute of limitations provision, and therefore, it gives rise to the affirmative defense of limitations, but is not grounds for a plea to the jurisdiction. *See Olofsson*, 59 S.W.3d at 833; *see also* Tex. R. Civ. P. 94 (statute of limitations is affirmative defense).

The City argued its pleas to the jurisdiction in a consolidated hearing before the district court.[5] At the hearing, appellees did not present any argument supporting the validity of their negligence claims or claims under chapter 614 of the government code. Appellees argued, however, that they complied with the limitations provision of the Whistleblower Act and that, in any event, noncompliance with the limitations provision is not grounds for a plea to the jurisdiction. The district court denied the City's pleas to the jurisdiction. The City now brings this interlocutory appeal, asserting that appellees have failed to show clear and unambiguous waivers of sovereign immunity for their three claims.

---

[5] We note that, among other distinguishing factors, the procedure for resolving a plea to the jurisdiction is far less exacting than that for a motion for summary judgment. *Compare* Tex. R. Civ. P. 85 ("original answer may consist of . . . pleas to the jurisdiction"), *with id.* 166a (setting forth requirements for summary-judgment motions, responses, and affidavits, outlining procedure for court to use, and providing penalties for affidavits filed in bad faith).

4

**DISCUSSION**

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's authority to determine the subject matter of a pleaded cause of action. *Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n*, 16 S.W.3d 61, 65 (Tex. App.—Austin 2000, no pet.). The existence of subject-matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Id.*[6]

*Negligence Claims and Claims under Chapter 614*

At the hearing on the City's pleas to the jurisdiction, appellees admitted that no jurisdictional basis existed for their negligence claims under the Texas Tort Claims Act. Likewise, they were unable to show a clear and unambiguous waiver of sovereign immunity that authorized any relief under chapter 614 of the government code. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Appellees have failed to brief either issue on appeal, instead focusing on their whistleblower claims. Because appellees have failed to show a clear and unambiguous waiver of sovereign immunity with respect to their negligent-investigation claims and their claims under chapter 614 of the government code, we hold that the district court erred in denying the City's pleas to the jurisdiction with respect to these claims. *See id.*

---

[6] This Court has previously cautioned litigants not to use a plea to the jurisdiction to present claims that should properly be brought in a motion for summary judgment, nor to use a plea to the jurisdiction as a dilatory tactic or merely as an avenue to sustain an interlocutory appeal. *See Texas Dep't of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730-31 (Tex. App.—Austin 1999, no pet.).

*Whistleblower Claims*

The Whistleblower Act is designed to enhance openness in government and compel the government's compliance with law by protecting those who inform authorities of wrongdoing. *Hill v. Burnet County Sheriff's Dep't*, 96 S.W.3d 436, 440 (Tex. App.—Austin 2002, pet. denied). The Act evidences two legislative purposes: (1) to protect public employees from retaliation by their employer when, in good faith, employees report a violation of the law, and (2) to secure lawful conduct on the part of those who direct and conduct the affairs of public bodies. *City of Austin v. Ender*, 30 S.W.3d 590, 594 (Tex. App.—Austin 2000, no pet.); *Travis County v. Colunga*, 753 S.W.2d 716, 718-19 (Tex. App.—Austin 1988, writ denied). Because the Act is remedial in nature, it should be liberally construed to effect its purpose. *Hill*, 96 S.W.3d at 440.

The City argues that appellees' alleged failure to comply with the limitations provision of the Whistleblower Act is mandatory and jurisdictional. This argument stems from the City's reading of section 554.0035, which provides in part that "[s]overeign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter." Tex. Gov't Code Ann. § 554.0035 (West Supp. 2004). According to the City, the language "to the extent of liability for the relief allowed under this chapter" means that if a plaintiff is unable to show that he or she will ultimately prevail, then the State has not waived immunity from suit. *But cf. Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003) (discussing difference between immunity from suit and immunity from liability).

In its pleas to the jurisdiction and its argument to this Court, the City supports its contention that noncompliance with the limitations provision of the Whistleblower Act is mandatory

and jurisdictional by discussing the *grievance* requirements of the Whistleblower Act at length. *Compare* Tex. Gov't Code Ann. § 554.005 ("employee who seeks relief under this chapter must sue not later than the 90th day"), *with id.* § 554.006 ("employee must initiate action under the grievance or appeal procedures of the employing state or local government entity . . . before suing under this chapter").

The City has also cited numerous cases for the proposition that the grievance requirements of the Whistleblower Act are mandatory and jurisdictional. *See, e.g.*, *Center for Health Care Servs. v. Quintanilla*, 88 S.W.3d 269 (Tex. App.—San Antonio 2002, no pet.); *City of San Antonio v. Marin*, 19 S.W.3d 438 (Tex. App.—San Antonio 2000, no pet.); *Gregg County v. Farrar*, 933 S.W.2d 769 (Tex. App.—Austin 1996, writ denied).[7]  The City's argument is misplaced, however, because its contention on appeal concerns the appellees' alleged failure to comply with the *limitations* provision of the Whistleblower Act, not the *grievance* requirements.

Texas case law is quite different with respect to the limitations provision under the Whistleblower Act.  In *Olofsson*, this Court held that noncompliance with the limitations provision of the Whistleblower Act gives rise to the affirmative defense of limitations, but is not grounds for a plea to the jurisdiction.  59 S.W.3d at 833.  In addition, several courts-of-appeals cases support our holding in *Olofsson* that noncompliance with the limitations provision is *not* jurisdictional.  *See University of Tex. Med. Branch v. Barrett*, 112 S.W.3d 815, 819 (Tex. App.—Houston [14th Dist.] 2003, pet. filed) (en banc) (claimant need not meet every prerequisite in Whistleblower Act before

---

[7]  *Contra University of Tex. Med. Branch v. Barrett*, 112 S.W.3d 815, 819 (Tex. App.—Houston [14th Dist.] 2003, pet. filed) (en banc) (noncompliance with grievance waiting period should result in abatement, not dismissal for want of subject-matter jurisdiction).

sovereign immunity is waived); *Castleberry Indep. Sch. Dist. v. Doe*, 35 S.W.3d 777, 782 (Tex. App.—Fort Worth 2001, pet. dism'd w.o.j.) ("the proper avenue for raising the statute of limitations defense under the Whistleblower Act is in a motion for summary judgment, not in a plea to the jurisdiction"); *University of Houston v. Elthon*, 9 S.W.3d 351, 356-57 (Tex. App.—Houston [14th Dist.] 1999, pet. dism'd w.o.j.) ("the proper method for asserting appellants' statute of limitations defense is in a motion for summary judgment").[8]

Despite the case law in our Court and in other courts of appeals,[9] the City urges that we revisit and consider overruling *Olofsson* due to two changes in the law. The first change is the legislature's addition of section 311.034 to the code construction act, which states in pertinent part that "a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected

---

[8] Numerous other cases bolster our holding in *Olofsson* that a plea to the jurisdiction is not the appropriate procedural device through which to determine an alleged failure to comply with the limitations provision of the Whistleblower Act. *See, e.g.*, *Schindley v. Northeast Tex. Cmty. Coll.*, 13 S.W.3d 62 (Tex. App.—Texarkana 2000, pet. denied); *Villarreal v. Williams*, 971 S.W.2d 622 (Tex. App.—San Antonio 1998, no pet.); *Anders v. Weslaco Indep. Sch. Dist.*, 960 S.W.2d 289 (Tex. App.—Corpus Christi 1997, no pet.); *Turner v. Richardson Indep. Sch. Dist.*, 885 S.W.2d 553 (Tex. App.—Dallas 1994, writ denied); *Hockaday v. Texas Dep't of Criminal Justice*, 914 F. Supp. 1439 (S.D. Tex. 1996).

[9] We are aware of cases that support the City's proposition that the limitations provision of section 554.005 is mandatory and jurisdictional, but these cases are easily distinguishable. *See University of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 773-74 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (affirming trial court's *denial* of plea to jurisdiction because employees timely filed suit); *Smith v. University of Tex. Southwestern Med. Ctr. of Dallas*, 101 S.W.3d 185, 189 (Tex. App.—Dallas 2003, no pet.) (affirming grant of plea to the jurisdiction because plaintiff failed to file grievance *and* failed to file suit within 90 days). The City has failed to cite, and we have been unable to find, a single opinion issued after the supreme court's decision in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000) (holding that not all statutory prerequisites are mandatory and jurisdictional), where an appellate court has reversed a trial court's denial of a plea to the jurisdiction based solely on a plaintiff's failure to comply with the 90-day limitations provision of the Whistleblower Act.

by clear and unambiguous language." Tex. Gov't Code Ann. § 311.034 (West Supp. 2004). However, the addition of this language did nothing more than codify the long-standing common law that existed when this Court decided *Olofsson*. *E.g.*, *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997); *University of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994); *Duhart v. State*, 610 S.W.2d 740, 742 (Tex. 1980). We therefore reject the City's contention that the addition of section 311.034 to the code construction act necessitates that we revisit *Olofsson*.

Second, the City cites *Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003), arguing that the Texas Supreme Court "has instructed the intermediate appellate courts to use the same methodology used by the United States Supreme Court when dealing with immunity provisions." This statement is simply not found in *Taylor*. In *Taylor*, the Texas Supreme Court stated that, "when construing a statute that purportedly waives sovereign immunity, we generally resolve ambiguities by retaining immunity." *Id.* The supreme court then noted that its methodology "*resembles* that of the United States Supreme Court when it considers a purported waiver of the federal government's sovereign immunity." *Id.* (emphasis added).

For two reasons, we reject the City's assertion that *Taylor* requires us to revisit and consider overruling *Olofsson*. First, the Texas Supreme Court did not, as the City asserts, direct intermediate appellate courts to adopt the methodology used by the United States Supreme Court when considering a purported waiver of sovereign immunity. Rather, the Texas Supreme Court merely stated that its methodology *resembles* that of the United States Supreme Court. Second, the Texas Supreme Court cites authority from the United States Supreme Court on the issue of whether a statutory waiver of immunity is clear and unambiguous. *Id.* Here, we are not confronted with that

9

question because the waiver of immunity in section 554.0035 has consistently been interpreted by the Texas Supreme Court as a clear and unambiguous waiver of immunity. *E.g.*, *id.* at 696 & n.5; *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 249 (Tex. 2002); *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 14 (Tex. 2000). We therefore reject the City's arguments that we are required to revisit *Olofsson*.

We do, however, wish to reiterate the proper function of section 554.005. By its terms, section 554.005 is clearly labeled a "limitation period." Failure to comply with a statute of limitations constitutes a plea in bar, or an affirmative defense.[10] *See* Tex. R. Civ. P. 94. A plea in bar is not the proper subject matter of a preliminary hearing unless the parties agree to such method of disposition or the summary-judgment procedure is utilized. *Kelley v. Bluff Creek Oil Co.*, 309 S.W.2d 208, 214 (Tex. 1958); *Elthon*, 9 S.W.3d at 356; *Martin v. Dosohs I, Ltd., Inc.*, 2 S.W.3d 350, 354 (Tex. App.—San Antonio 1999, pet. denied).

Nevertheless, the City asserts that what has always been a plea in bar is jurisdictional here because sovereign immunity is implicated. The City's argument ignores the distinction between immunity from suit and immunity from liability. Immunity from suit prohibits suits against the State unless the State expressly consents to the suit. *Taylor*, 106 S.W.3d at 696; *Federal Sign*, 951 S.W.2d at 405. Thus, even if the State acknowledges liability on a claim, immunity from suit bars a remedy

---

[10] Affirmative defenses must be pleaded at the trial court level, or they are waived. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994). However, jurisdictional issues can be raised for the first time on appeal. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Were we to accept the City's argument that a statute-of-limitations defense is jurisdictional, judgments in whistleblower cases would be perpetually vulnerable to collateral attack, an outcome the supreme court has expressly sought to avoid. *See Dubai*, 12 S.W.3d at 76.

until the legislature consents to suit. *Taylor*, 106 S.W.3d at 696; *Federal Sign*, 951 S.W.2d at 405. Immunity from liability, on the other hand, protects the State from judgments even after the State has consented to suit. *Taylor*, 106 S.W.3d at 696; *Federal Sign*, 951 S.W.2d at 405. Accordingly, even if the legislature has authorized a claimant to sue, the State's immunity is retained until it acknowledges liability. *Taylor*, 106 S.W.3d at 696; *Federal Sign*, 951 S.W.2d at 405. Unlike immunity from suit, immunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction. *Taylor*, 106 S.W.3d at 696; *see Jones*, 8 S.W.3d at 638-39.

Section 554.0035, entitled "Waiver of Immunity," provides in its entirety:

> A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

Tex. Gov't Code Ann. § 554.0035.[11]

---

[11] This section was added to the Whistleblower Act in 1995. Act of May 25, 1995, 74th Leg., R.S., ch. 721, § 4, 1995 Tex. Gen. Laws 3812, 3813 (codified at Tex. Gov't Code Ann. § 554.0035 (West Supp. 2004)). Prior to this addition, courts found the waiver-of-immunity clause in section 554.003, which still provides that a public employee is "entitled to sue." *See* Tex. Gov't Code Ann. § 554.003 (West 1994); *City of LaPorte v. Barfield*, 898 S.W.2d 288, 296 (Tex. 1995) ("The statute clearly waives immunity; indeed, there would be no purpose for the Act at all if immunity were not waived."). Although the legislative history is unclear as to why section 554.0035 was added, we believe the first sentence of section 554.0035 and section 554.003 clearly waive immunity from *suit*, while the second sentence of section 554.0035, by its terms, waives immunity from *liability*. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 & n.5 (Tex. 2003) (second sentence of section 554.0035 waives immunity from liability).

11

As the Fourteenth Court of Appeals recognized, this is *all* the Whistleblower Act says about sovereign immunity; there are no other conditions. *Barrett*, 112 S.W.3d at 817. But according to the City, the language "to the extent of liability for the relief allowed under this chapter" means that noncompliance with *any* provision of the Whistleblower Act functions as a failure to properly show a waiver of immunity from *suit*. As the City states in its brief: "[T]he specific and unambiguous waiver of immunity clause within the Whistleblower Act . . . is triggered **only** when a plaintiff properly complies with <u>all</u> other provisions of the statute." (Emphasis in original.) Under the City's argument, a plaintiff would essentially have to prove his or her entire case—be it compliance with the limitations provision, evidence of a good-faith reporting of a violation of the law, or evidence of retaliatory discharge—before the trial court has jurisdiction to entertain the case at all. In essence, the City is adding a condition to the Whistleblower Act's waiver-of-immunity clause when the legislature chose not to do so. Because the legislature added no such condition, neither should we. *See id.*

Second, the City attempts to read the "to the extent" language in section 554.0035 as a clause waiving immunity from suit, which can properly be raised in a plea to the jurisdiction. This, too, is incorrect. The supreme court, in discussing the difference between immunity from suit and immunity from liability, expressly included section 554.0035 in a list of statutes that waive immunity from *liability*. *Taylor*, 106 S.W.3d at 696 & n.5 (stating that when legislature enacts statutes such as section 554.0035, supreme court has "little difficulty recognizing a waiver of immunity from liability" and that "the State cannot properly assert immunity from liability in a plea to the

jurisdiction"). A plaintiff's failure to ultimately prevail may protect the City from *liability*, but it does not, as the City argues, deprive the trial court of *subject-matter jurisdiction*.[12] *See id.*

The City's argument also runs afoul of the purpose of a plea to the jurisdiction. Although the supreme court allows trial courts to examine evidence in a plea to the jurisdiction in exceptionally limited circumstances, *Bland*, 34 S.W.3d at 555 ("court should, of course, confine itself [when reviewing evidence in a plea to the jurisdiction] to the evidence relevant to the jurisdictional issue"), the City's argument would require a trial court to *weigh* evidence when deciding a plea to the jurisdiction. We cannot accept the City's argument that a trial court should essentially determine whether a plaintiff will ultimately recover in the claim, only to then say—if this question is answered in the negative—that the trial court is without jurisdiction to even hear the case. *See id.* at 554 ("the proper function of a dilatory plea [to the jurisdiction] does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction").

Finally, we compare the limitations provision of the Whistleblower Act with the grievance requirements of the Whistleblower Act. *Compare Olofsson*, 59 S.W.3d at 833 (limitations provision is not jurisdictional), *with Texas Bd. of Pardons & Paroles v. Feinblatt*, 82 S.W.3d 513, 519 (Tex. App.—Austin 2002, pet. denied) (grievance requirements are jurisdictional), *and Farrar*, 933 S.W.2d at 777 (same). This Court has stated that "requiring the [initiation and use] of grievance and appeal processes as provided in the [Whistleblower Act] encourages compliance through

---

[12] We agree with the Fourteenth Court of Appeals that the "to the extent" language found in section 554.0035 is *not* a condition on the waiver of sovereign immunity, but rather limits damages in suits allowed by the Act. *Barrett*, 112 S.W.3d at 817 n.7.

voluntary resolution, conference, conciliation and informal processes other than litigation."

*Feinblatt*, 82 S.W.3d at 519 (quoting *Ender*, 30 S.W.3d at 594).  The exhaustion requirement

advances several policies:

> [An] eminently practical reason for requiring exhaustion of remedies is that the complaining party may be successful in vindicating his rights in the administrative process and never have to resort to court.  Notions of administrative autonomy require further that the agency be given first opportunity to discover and correct its own errors.

*Id.* (quoting *Farrar*, 933 S.W.2d at 775).  The legislature intended that the governmental entity be

afforded the opportunity to correct its own errors by resolving disputes before being subjected to the

expense and effort of litigation.  *Id.*; *Ender*, 30 S.W.3d at 594; *Farrar*, 933 S.W.2d at 775.

On the other hand, the purposes of statutes of limitations are quite different:

> "The primary purpose of statutes of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds."  *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988).  Statutes of limitations also ensure that notice of claims be given to adverse parties to prevent "fraudulent and stale claims from springing up at great distances of time and surprising the other party."  *Hallaway v. Thompson*, 148 Tex. 471, 226 S.W.2d 816, 820 (1950).  Thus, limitations establish a point of repose and terminate stale claims.  *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990).

*Lovato v. Austin Nursing Ctr., Inc.*, 113 S.W.3d 45, 50 (Tex. App.—Austin 2003, no pet.).

The policy reasons for considering the grievance requirements of the Whistleblower

Act to be jurisdictional simply do not apply to the limitations provision.  Statutes of limitations are

designed to ensure that parties bring their claims within a reasonable period of time.  Unlike the

14

grievance requirements of the Whistleblower Act, noncompliance with the limitations provision in no way affects a governmental agency's ability to resolve a dispute through its own internal dispute resolution procedures. We therefore see no reason to accept the City's invitation to convert the limitations provision of the Whistleblower Act into a jurisdictional defense that can be raised for the first time on appeal. Although a plaintiff must comply with the limitations provision in order to recover, this does not affect a trial court's jurisdiction to hear the case.

For these reasons, we reaffirm our holding in *Olofsson* that noncompliance with the limitations provision of section 554.005 gives rise to the affirmative defense of limitations, but is not grounds for a plea to the jurisdiction. We therefore affirm the district court's denial of the City's pleas to the jurisdiction with respect to appellees' whistleblower claims.[13]

**CONCLUSION**

Because appellees failed to show a clear and unambiguous waiver of sovereign immunity with respect to their negligence claims under the Texas Tort Claims Act and their claims under chapter 614 of the government code, we reverse the district court's orders denying the City's pleas to the jurisdiction with respect to those claims. However, we reiterate that noncompliance with the limitations provision of section 554.005 of the Whistleblower Act gives rise to the affirmative defense of limitations, but is not grounds for a plea to the jurisdiction. We therefore affirm the

---

[13] Although we emphasize that noncompliance with section 554.005 is *not* jurisidictional, we note that the supreme court has clearly stated that "[w]hether a determination of subject-matter jurisdiction can be made in a preliminary hearing or should await a fuller development of the merits of the case must be left largely to the trial court's sound exercise of discretion." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

15

district court's orders denying the City's pleas to the jurisdiction with respect to appellees' whistleblower claims.

Although appellees contend that they have complied with the limitations provision of the Whistleblower Act, we express no opinion as to the merits of their arguments. Because noncompliance with the limitations provision does not present an appropriate ground for a plea to the jurisdiction, ultimate determination of appellees' compliance should be determined in the first instance by the district court.

We affirm in part and reverse and dismiss in part.

_____

Mack Kidd, Justice

Before Justices Kidd, Puryear and Pemberton

Affirmed in Part; Reversed and Dismissed in Part

Filed: April 1, 2004