TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00510-CV






State of Texas and Texas Department of Transportation, Appellants


v.


George Lueck, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. GN402579, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING






O P I N I O N



 George Lueck sued the State of Texas and the Texas Department of Transportation
alleging violations of the Texas Whistleblower Act (the "Whistleblower Act"). See Tex. Gov't Code
Ann. §§ 554.001-.010 (West 2004). (1) The Department filed a plea to the jurisdiction arguing that
Lueck had failed to show a clear and unambiguous waiver of sovereign immunity in his claim under
the Whistleblower Act. Lueck filed a motion to dismiss the Department's plea to the jurisdiction
insisting that his allegations were sufficient to waive sovereign immunity. The district court granted
Lueck's motion to dismiss the Department's plea to the jurisdiction without holding a hearing on the
plea.

 In this interlocutory appeal, the Department contends that the district court erred as
a matter of law by granting Lueck's motion to dismiss, by denying the Department's plea to the
jurisdiction and by denying the Department an evidentiary hearing on its plea to the jurisdiction. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2005) ("A person may appeal from
an interlocutory order of a district court . . . that . . . grants or denies a plea to the jurisdiction by a
governmental unit."). Because we hold that the facts challenged by the Department in its plea to the
jurisdiction are not jurisdictional, we affirm the district court's order dismissing the Department's
plea to the jurisdiction.


BACKGROUND

 In August 2004, Lueck sued the Department alleging that he was terminated from his
position as Assistant Director of Traffic Analysis in retaliation for reporting what he believed to be
a violation of federal law to his supervisor, the Director of the Planning and Programming Division
for the Department, James L. Randall. In January 2005, Lueck and the Department filed their
"Agreed Discovery Control Plan and Docket Control Order," which was signed by the district court. (2) 
This Docket Control Order stated that the Department had until May 1, 2005, to file a plea to the
jurisdiction. On January 28, Lueck filed special exceptions requesting that the provision allowing
the Department to file a plea to the jurisdiction be stricken from the Docket Control Order or,
alternatively, that the district court hold that Lueck's allegations were sufficient to establish the
district court's subject-matter jurisdiction over the case. On February 23, Lueck filed a motion to
dispose of the Department's plea to the jurisdiction without undue expense or burden. In the motion,
Lueck argued that he was entitled to a hearing on his special exceptions prior to a hearing, if any, on
the Department's forthcoming plea to the jurisdiction. Lueck requested that the district court order
the Department "to provide [Lueck] at least 90 days notice before its plea to the jurisdiction, once
filed, is set for a hearing." After considering the motion, the district court ordered the following
changes to the Docket Control Order:


1. June 10, 2005. Deadline for filing plea to the jurisdiction.


2. July 18, 2005. Hearing on the Plea to the Jurisdiction [scheduled] at 2 p.m.


3. [Lueck's] special exceptions shall be heard before the Hearing on the Plea to the
Jurisdiction.


4. If the special exceptions are granted, then the Defendants shall have an
opportunity to amend their plea to the jurisdiction and Hearing on the plea to the
jurisdiction shall be continued to allow Defendants the opportunity to amend
their plea, if the special exceptions are granted.



 On April 28, Lueck filed a motion for partial summary judgment "requesting the
Court's determination that it has jurisdiction of this case, based on the legally sufficient allegations
made by [Lueck] under the 'whistleblower' statute." In response, the Department filed a motion for
continuance before the hearing on Lueck's motion for partial summary judgment, asking the district
court to uphold jurisdiction as a matter of law without a further hearing. On May 6, the district court
held a hearing on the Department's motion to continue, at which the Department contended that any
hearing on Lueck's motion for partial summary judgment should be held at the same time as the
hearing on the Department's plea to the jurisdiction. The district court granted the Department's
motion to continue and further ordered that the hearing on Lueck's motion for partial summary
judgment be held on the same day as the hearing on the Department's plea to the jurisdiction.

 On June 8, the Department filed its plea to the jurisdiction. In the plea, the
Department asserted sovereign immunity from suit and liability with regard to Lueck's claim. The
Department further asserted that because it was challenging the existence of certain jurisdictional
facts, it was entitled to an evidentiary hearing pursuant to the supreme court's holding in Texas
Department of Parks & Wildlife v. Miranda, 133 S.W.3d 217 (Tex. 2004). The Department insisted
that it would demonstrate at the hearing that sovereign immunity had not been waived because Lueck
(1) did not make a good faith report of a violation of law and (2) did not have a good faith belief that
he was reporting a violation of law to an appropriate law enforcement authority, as required by
section 554.002(a) of the Whistleblower Act.

 On June 30, Lueck filed his second amended special exceptions and motion to dismiss
the Department's plea to the jurisdiction. Lueck argued that the elements of a whistleblower claim
found in section 554.002 of the Whistleblower Act are not jurisdictional facts necessary to waive
sovereign immunity. Lueck maintained that under section 554.0035 of the Whistleblower Act,
entitled "Waiver of Immunity," "[a] public employee who alleges a violation of this chapter may sue
the employing state or local governmental entity for the relief provided by this chapter." Tex. Gov't
Code Ann. § 554.0035. Lueck argued that the Department was incorrectly characterizing the
elements of a whistleblower claim as jurisdictional facts necessary to waive sovereign immunity
under section 554.0035. Lueck maintained that he need only allege a violation of the Whistleblower
Act to be entitled to sue the Department. Therefore, he insisted that the Department was not entitled
to a hearing on its plea to the jurisdiction because it was merely challenging the merits of his claim.

 The district court held a hearing on Lueck's second amended special exceptions and
motion to dismiss on July 7. At the hearing, the district court acknowledged that granting Lueck's
motion would be equivalent to denying the Department's plea to the jurisdiction. On July 8, the
district court granted Lueck's motion to dismiss the Department's plea to the jurisdiction. This
interlocutory appeal followed. 


STANDARD OF REVIEW

 In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for
lawsuits in which the state or certain governmental units have been sued unless the state consents
to suit. Miranda, 133 S.W.3d at 224. Sovereign immunity includes two distinct principles,
immunity from suit and immunity from liability. Id. Immunity from liability is an affirmative
defense, while immunity from suit deprives a court of subject-matter jurisdiction. Id. Sovereign
immunity is waived only when the legislature has clearly and unambiguously expressed that intent. 
See Tex. Gov't Code Ann. § 311.034 (West Supp. 2005); Texas Dep't of Transp. v. Sunset Valley,
146 S.W.3d 637, 641 (Tex. 2004).

 A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of
subject-matter jurisdiction. Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject-matter jurisdiction
is a question of law. Miranda, 133 S.W.3d at 226; Texas Natural Res. Conservation Comm'n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). Whether a party has alleged facts that affirmatively
demonstrate a district court's subject-matter jurisdiction and whether undisputed evidence of
jurisdictional facts establishes a district court's jurisdiction are questions of law reviewed de novo. 
Miranda, 133 S.W.3d at 226. However, in some cases, disputed evidence of jurisdictional facts that
also implicates the merits of the case may require resolution by the finder of fact. Id. (citing Gates
v. Pitts, 291 S.W. 948, 949 (Tex. Civ. App.--Amarillo 1927, no writ)).

 When a plea to the jurisdiction challenges the pleadings, we determine if the pleader
has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. Id. (citing
Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993)). We construe the
pleadings liberally in favor of the plaintiff and look to the pleader's intent. Id. If the pleadings do
not contain sufficient facts to affirmatively demonstrate the district court's jurisdiction but likewise
do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded the opportunity to amend. Id. at 226-27 (citing
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002)). If the pleadings affirmatively
negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing
the plaintiff an opportunity to amend. Id. at 227.

 If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider
relevant evidence submitted by the parties for the district court to resolve the jurisdictional issues
raised. Id. (citing Bland, 34 S.W.3d at 555). In a case in which the jurisdictional challenge
implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes
evidence, the district court reviews the relevant evidence to determine if a fact issue exists. Id. If
the evidence creates a fact question regarding the jurisdictional issue, then the district court cannot
grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder. Id. at 227-28. 
When the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue,
the district court may rule on the plea to the jurisdiction as a matter of law. Id. at 228.


DISCUSSION

 The Department contends that the district court erred as a matter of law by granting
Lueck's motion to dismiss, by denying the Department's plea to the jurisdiction and by denying the
Department an evidentiary hearing on its plea to the jurisdiction. In three issues, the Department
asserts that (1) there was no issue of material fact, an evidentiary hearing was necessary to resolve
the jurisdictional issue, and the Department was challenging the existence of jurisdictional facts; (2)
the Department was entitled to a hearing on its plea to the jurisdiction; and (3) an evidentiary hearing
would have established that there is no evidence that Lueck had a good faith belief that there had
been a violation of law. Essentially, the Department claims that the supreme court's holding in
Miranda requires a trial court to hold an evidentiary hearing any time a governmental entity's plea
to the jurisdiction challenges the existence of jurisdictional facts. While we agree that Miranda
authorizes the district court to consider evidence if necessary to resolve a jurisdictional issue, we do
not agree that a governmental entity is entitled to a hearing on its plea to the jurisdiction merely
because it purports to challenge the existence of jurisdictional facts. Id. at 227. The challenged facts
must be jurisdictional. In order to resolve this dispute, we need only answer one question: What
facts are jurisdictional under section 554.0035 of the Whistleblower Act?


Section 554.0035

 Section 554.0035 of the Whistleblower Act states:


A public employee who alleges a violation of this chapter may sue the employing
state or local governmental entity for the relief provided by this chapter. Sovereign
immunity is waived and abolished to the extent of liability for the relief allowed
under this chapter for a violation of this chapter.



Tex. Gov't Code Ann. § 554.0035. In Wichita Falls State Hospital v. Taylor, the supreme court
stated that section 554.0035 is an example of a statute that "leaves no doubt about the Legislature's
intent to waive immunity." 106 S.W.3d at 696 (Tex. 2003). The supreme court noted that the first
sentence of section 554.0035 is a clear and unambiguous expression of the legislature's intent to
waive immunity from suit and that the second sentence evinces the legislature's intent to waive
immunity from liability. See id. at 696-97 n.5 (addressing the waiver of immunity from liability),
n.6 (addressing the waiver of immunity from suit); see also City of New Braunfels v. Allen, 132
S.W.3d 157, 164 n.11 (Tex. App.--Austin 2004, no pet.) ("We believe the first sentence of section
554.0035 . . . clearly waive[s] immunity from suit, while the second sentence of section 554.0035,
by its terms, waives immunity from liability.") (emphasis in original).

 In City of New Braunfels, the City argued that the phrase "to the extent of liability for
the relief allowed under this chapter" in the second sentence of section 554.0035, means that "if a
plaintiff is unable to show that he or she will ultimately prevail, then the State has not waived
immunity from suit." City of New Braunfels, 132 S.W.3d at 162. "Under the City's argument, a
plaintiff would essentially have to prove his or her entire case--be it compliance with the limitations
provision, evidence of a good-faith reporting of a violation of the law, or evidence of retaliatory
discharge--before the trial court has jurisdiction to entertain the case at all." Id. at 165. This Court
explained that "[a] plaintiff's failure to ultimately prevail may protect the City from liability, but it
does not, as the City argues, deprive the trial court of subject-matter jurisdiction." Id. (emphasis in
original). Specifically, this Court recognized that requiring a plaintiff to prove up his or her case in
order to survive a plea to the jurisdiction would add "a condition to the Whistleblower Act's waiver-of-immunity clause when the legislature chose not to do so." Id.

 As we held in City of New Braunfels, section 554.0035 is clear and unambiguous: a
public employee need only allege a violation of the Whistleblower Act to confer subject-matter
jurisdiction on the trial court. Tex. Gov't Code Ann. § 554.0035; see also Texas Dep't of Protective
& Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 177 (Tex. 2004) ("If the statutory
text is unambiguous, a court must adopt the interpretation supported by the statute's plain language
unless that interpretation would lead to absurd results."). Thus, only facts pertaining to (1) Lueck's
status as a public employee or (2) whether or not he adequately alleged a violation of the
Whistleblower Act are jurisdictional facts relevant to whether section 554.0035 waives the
Department's sovereign immunity from suit. 


Texas Department of Parks & Wildlife v. Miranda

 The Department insists that Miranda overruled the supreme court's prior ruling in
Wichita Falls State Hospital and this Court's ruling in City of New Braunfels. We disagree. In
Miranda, the supreme court explicitly disapproved of "courts of appeals' holdings that require a
party to allege that pleadings, other than the jurisdictional amount, are fraudulent in order for the trial
court to consider evidence, when otherwise necessary, of whether it has jurisdiction over a case." 
Miranda, 133 S.W.3d at 224 n.4. The supreme court did not disapprove of or overrule any prior
construction of the statutory waiver of sovereign immunity found in section 554.0035 of the
Whistleblower Act.

 In Miranda, Maria Miranda and her husband Ray sued the Parks and Wildlife
Department for damages stemming from personal injuries Maria sustained when a tree limb fell on
her head while camping at Garner State Park. Id. at 221. The Mirandas' claims fell under the Tort
Claims Act and the recreational use statute. Id. Under the Tort Claims Act, "sovereign immunity
to suit is waived and abolished to the extent of liability created by [the Act]." Tex. Civ Prac. & Rem.
Code Ann. 101.025(a). The Miranda court described the Tort Claims Act's waiver of governmental
immunity as "a unique statutory scheme in which the two immunities are co-extensive." Miranda,
133 S.W.3d at 224. In addition, the supreme court found that "section 101.058 of the Tort Claims
Act further modifies a governmental unit's waiver of immunity from suit by imposing the limitations
of liability articulated in the recreational use statue." Id. at 225; see also Tex. Civ. Prac. & Rem.
Code Ann. § 101.058 ("To the extent that Chapter 75 [the recreational use statute] limits the liability
of a governmental unit under circumstances in which the governmental unit would be liable under
[the Tort Claims Act], Chapter 75 controls."). After analyzing the extent to which a governmental
unit could be found liable under both the Tort Claims Act and the recreational use statute, the
supreme court concluded that sovereign immunity is waived only if the governmental unit is grossly
negligent. Miranda, 133 S.W.3d at 225. Essentially, the supreme court held that facts relating to
gross negligence are jurisdictional in a suit alleging violations of the Tort Claims Act when the
recreational use statute is implicated. Id. 

 Unlike the Tort Claims Act, the waivers of immunity from suit and liability are not
co-extensive under the Whistleblower Act. See id. at 224 (stating that two immunities are "co-extensive" under Tort Claims Act); see also Wichita Falls State Hosp., 106 S.W.3d at 696-97 (noting
that, under Whistleblower Act, waiver of immunity from suit and liability are independent and
contained in separate sentences); City of New Braunfels, 132 S.W.3d at 164-66. Consequently, facts
pertaining to whether the Department may be found liable under the Whistleblower Act are neither
dispositive of, nor relevant to, our jurisdictional inquiry. See Miranda, 133 S.W.3d at 224; Wichita
Falls State Hosp., 106 S.W.3d at 696 ("Unlike immunity from suit, immunity from liability does not
affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction.").

 The Department insists that its evidence would negate two essential elements of
Lueck's whistleblower claim: namely, that he made a good faith report of a violation of law and that
his report was made to an appropriate law enforcement authority. (3) While this evidence may negate
the Department's liability under the Whistleblower Act, it would not, even if true, affect the district
court's subject-matter jurisdiction to hear the case. City of New Braunfels, 132 S.W.3d at 165. 
Therefore, the Department was not challenging jurisdictional facts, as it argues. Consequently, we
hold that the district court did not err by denying the Department a hearing on its plea to the
jurisdiction. (4) Miranda, 133 S.W.3d at 227 (acknowledging that if plea to jurisdiction challenges
existence of jurisdictional facts, trial court must consider relevant evidence when necessary to
resolve jurisdictional issues raised).

 It is undisputed that Lueck is a public employee and that he alleged a claim under the
Whistleblower Act. Accordingly, Lueck's pleadings affirmatively demonstrate the district court's
jurisdiction to hear the case. Miranda, 133 S.W.3d at 226. Therefore, the district court did not err
by granting Lueck's motion to dismiss the Department's plea to the jurisdiction. We overrule the
Department's first and second issues. (5)


CONCLUSION


 Because the Department's plea to the jurisdiction did not challenge jurisdictional facts
and because Lueck's pleadings affirmatively demonstrate the district court's subject-matter
jurisdiction to hear the case, we affirm the district court's order dismissing the Department's plea
to the jurisdiction.



 

 Bea Ann Smith, Justice 

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: August 18, 2006 

1. We will refer to appellants, the State of Texas and the Texas Department of Transportation,
collectively as the "Department."
2. We will refer to the "Agreed Discovery Control Plan and Docket Control Order" as the
"Docket Control Order."
3. To prevail on his Whistleblower Act claim, Lueck must allege the existence of each of the
following elements: (1) he is a public employee; (2) he acted in good faith in making his report; (3)
the report involved a violation of law; (4) the report was made to an appropriate law enforcement
authority; and (5) he suffered retaliation as a result of making the report. See Tex. Gov't Code Ann.
§ 554.002(a) (West 2004); Hill v. Burnet County Sheriff's Dep't & Burnet County, 96 S.W.3d 436,
440-41 (Tex. App.--Austin 2002, pet. denied). 
4. A traditional or no-evidence motion for summary judgment is the proper avenue for raising
the Department's concerns that its evidence would negate two essential elements of Lueck's
whistleblower claim. Tex. R. Civ. P. 166a(c), (i).
5. Because we hold that the district court has subject-matter jurisdiction to hear this case
based solely on Lueck's allegations of a whistleblower claim, we do not reach the Department's third
issue pertaining to whether there is any evidence that Lueck had a good faith belief that there had
been a violation of law.