

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID SIMS, | § | No. 08-15-00113-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 12th District Court |
| | § | |
| THE CITY OF MADISONVILLE | | of Madison County, Texas |
| AND THE MADISONVILLE POLICE | § | |
| DEPARTMENT, | | (TC# 14-13720-012-10) |
| | § | |
| Appellees. | | |
| | § | |

**O P I N I O N**

Appellant David Sims filed a Whistleblower Act suit against Appellees, the City of Madisonville and the Madisonville Police Department (collectively, Madisonville). The trial court granted Madisonville's plea to the jurisdiction on the basis of limitations. On appeal, Sims contends the trial court's ruling was erroneous because untimeliness under the Whistleblower Act is not jurisdictional, and the defense of limitations in such a case must be raised in summary judgment proceedings.[1] On original submission, we dismissed the appeal for lack of jurisdiction.

---

[1] This case was transferred from our sister court in Waco. TEX. R. APP. P. 41.3. Prior to the completion of appellate briefing, Madisonville challenged this court's appellate jurisdiction in a motion to dismiss for want of jurisdiction. Sims responded, and we denied the motion. Madisonville again challenges this court's jurisdiction in its responsive brief. We have determined that we have jurisdiction over the case, and do not address Madisonville's subsequent challenge to our jurisdiction. *See also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8), 101.001(3)(B) (West Supp. 2017).

We grant Sims' motion for rehearing, withdraw our opinion and judgment issued on June 8, 2018, and substitute the following opinion and accompanying judgment in their place.

## BACKGROUND

### *Termination*

In his pleadings, Sims alleges the following. Sims was employed as a police officer with the Madisonville Police Department from November 2004 until July 27, 2012, when his employment was terminated. Sims was ranked as a corporal. On an unidentified date in July 2012, Sims reported to Madisonville Chief of Police Charles May that he had obtained from a confidential source information indicating that Sims' supervising officer, Sergeant Jeff Covington, and another officer were attempting to recruit individuals to plant narcotics in the vehicle of Covington's ex-wife, with whom Covington was in the midst of a contentious custody dispute. Chief May "immediately dismissed" this information. Thereafter, Sims "came upon" recordings of Covington and the other officer related to the narcotics-planting scheme. Sims also discovered that Covington was compiling an investigative file on him, and believed Covington was seeking Sims' dismissal in part due to a previous situation when they were both in Iraq. Sims alleges that the military detachment of which he was a part in Iraq had terminated Covington's work as a contractor on the basis of alleged misconduct. Sims repeatedly asked Chief May whether he was being investigated, and Sims was told that he was not under investigation.

Sims met with Chief May and Sergeant Covington on July 26, 2012. Prior to the meeting, Sims accessed computer files through his own computer by using a "share program" that allowed him as an administrator to access any computers in the department. There, Sims found Sergeant Covington's investigative notes and GPS and audio/video recordings from Sims' vehicle, which

2

Sims took to the meeting at which he rebutted the allegations contained in Covington's notes. The allegations were critical of Sims' handling of cases and alleged dereliction of his duties, but did not allege criminal conduct. On that date, Sims was placed on six-months probation for dereliction of duties.

According to Sims, Chief May was surprised by Sims' remote access of an interoffice computer and believed Sims had violated the Department's computer-use policies. Sims' employment was terminated the following day, July 27, 2012. An F-5 report indicated Sims' discharge was deemed "dishonorable."

An investigation into the alleged violation of the computer use policies was thereafter initiated, and Chief May requested that the Texas Rangers investigate Sims' conduct. On August 30, 2012, a grand jury indicted Sims for the offense of computer security breach under Penal Code Section 33.02, but the criminal charge was later dismissed by the district attorney. TEX. PENAL CODE ANN. § 33.02 (West 2016).

Sims appealed his "dishonorable" discharge designation through the State Office of Administrative Hearings (SOAH). During the April 17, 2014 hearing, Sims asserted that his remote computer access had been permitted. Another former police officer testified and explained that he had similarly accessed documents as an employee, and was not aware of any policies forbidding such access. Chief May also testified, and according to Sims, for the first time admitted that he had authorized an internal investigation of Sims. The SOAH hearing examiner ruled in favor of Sims, finding that the elements for classifying Sims' discharge as dishonorable or general had not been met, and concluded that Sims' discharge was to be classified as honorable.

*Suit and Plea to the Jurisdiction*

3

Sims asserts that on hearing Chief May's SOAH testimony in 2014, he first realized, thus first discovered, that his employment had been terminated in retaliation for his reports of Covington's alleged illegal activities. Sims thereafter filed suit under the Texas Whistleblower's Act on July 16, 2014, 90 days after the April 17, 2014, SOAH hearing.

After filing its answer, Madisonville filed a plea to the jurisdiction on September 8, 2014, asserting that the trial court lacked jurisdiction and that Sims' case should be dismissed as untimely. Madisonville noted that it was permitted to challenge the trial court's jurisdiction on the basis that Sims' claims did not establish a waiver of immunity because his allegations and the evidence fail to establish a cause of action under the Act, and further asserted, "While the City contends that [Sims] cannot establish the basic elements of a Texas Whistleblower claim, this Court need not even reach those elements as [Sims'] claim here is untimely and barred by limitations." Madisonville did not seek a disposition of its plea to the jurisdiction based on challenges to the jurisdictional facts of Sims' claims. Instead, in the following four paragraphs of its plea, Madisonville instead relies in part on Section 311.034 of the Government Code, to argue that the statutory prerequisites to suit are jurisdictional requirements in all suits against a governmental entity and that the timely filing of a lawsuit is a statutory, jurisdictional pre-requisite to suit against a governmental entity. Arguing that Sims was aware that he was under investigation in 2012, and could not be heard to argue that the testimony he heard at the 2014 SOAH hearing had any bearing on limitations, Madisonville asserted that Sims' two-year delay in filing his suit rendered it "very untimely," and deprived the trial court of jurisdiction. In addition to other relief, Madisonville prayed that the trial court grant its plea and dismiss Sims' case with prejudice. At the October 2014 hearing on the plea, Madisonville again asserted only limitations

4

defenses regarding the commencement of the 90-day filing requirement and jurisdiction.

In his response to Madisonville's plea to the jurisdiction, and at the plea to the jurisdiction hearing, Sims informed the trial court that unlike other statutory provisions such as the Texas Commission on Human Rights Act (TCHRA), Texas courts had determined that timeliness is not jurisdictional under the Whistleblower Act. The trial court took the matter under advisement and later granted the plea to the jurisdiction, finding that it lacked jurisdiction over the asserted claims "for the reasons stated in the plea."

## DISCUSSION

### *The Texas Whistleblower Act*

The Whistleblower Act waives sovereign immunity to the extent of liability for the relief allowed for violations of Chapter 554 of the Government Code. TEX. GOV'T CODE ANN. § 554.0035 (West 2012). Section 554.002 embodies the standard for a violation, and provides that a state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority. TEX. GOV'T CODE ANN. § 554.002(a) (West 2012); *Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 393 n.3 (Tex. 2014). Hence, a violation "occurs when a governmental entity retaliates against a public employee for making a good-faith report of a violation of law to an appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002(b) (West 2012); *State v. Lueck,* 290 S.W.3d 876, 878 (Tex. 2009). The Whistleblower Act defines "law" as a state or federal statute, an ordinance of a local governmental entity, or "a rule adopted under a statute or ordinance." TEX. GOV'T CODE ANN. § 554.001(1) (West 2012).

5

A public employee who alleges a violation of the Whistleblower Act may sue the employing state or local governmental entity for relief. TEX. GOV'T CODE ANN. § 554.0035 (West 2012); *Lueck*, 290 S.W.3d at 878. Except to the extent that an employee must initiate grievance or appeal procedures which may toll the time for filing suit as provided in Section 554.006, a public employee who seeks relief under Chapter 554 must sue not later than the 90th day after the date on which the alleged violation occurred or was discovered by the employee through reasonable diligence. TEX. GOV'T CODE ANN. §§ 554.005-.006 (West 2012).

*Standard of Review*

A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *Bland Independent School District v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). We review *de novo* a trial court's ruling regarding subject matter jurisdiction. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443–44 (Tex. 1993) (providing that subject matter jurisdiction is never presumed and cannot be waived).

*Analysis*

In his sole issue on appeal, Sims contends the trial court erred in granting Madisonville's plea to the jurisdiction because Madisonville did not challenge the trial court's jurisdiction on the basis of jurisdictional facts but rather on the basis of the alleged untimely filing of Sims' Whistleblower suit. He asserts that non-compliance with the Whistleblower Act's limitations provisions is not jurisdictional, and that an affirmative defense of limitations cannot be raised in a plea to the jurisdiction but must be proven in summary judgment proceedings. We agree.

In *Lueck,* 290 S.W.3d at 881-82, the Texas Supreme Court held that the facts necessary to

6

allege a violation under Section 554.002 were jurisdictional because they were indispensable to the jurisdictional question of the waiver of sovereign immunity in Section 554.0035. *See also Crosstex Energy Services, L.P.*, 430 S.W.3d at 393 n.3. However, that is not the contention raised or presented to the trial court by Madisonville in its plea to the jurisdiction or in its arguments in support thereof. Simply stated, Madisonville's plea to the jurisdiction does not challenge the specific jurisdictional facts of Sims' case regarding waiver of sovereign immunity. Rather, Madisonville argued to the trial court that it was without jurisdiction to hear Sims' Whistleblower suit because it was non-compliant with the limitations provisions of the Act, and thus was untimely filed. It argued that timeliness could be raised as a jurisdictional bar in a plea to the jurisdiction, but acknowledged that it could also be presented in motion for summary judgment. Madisonville also asserted that Sims did not have to be fully educated regarding his potential claim to trigger the 90-day limitations period for filing suit.

In support of its contention that timeliness of Sims' suit is jurisdictional, Madisonville relies in part on *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 514-15 (Tex. 2012), and other non-Whistleblower Act cases. In *Prairie View A&M Univ.*, the Texas Supreme Court considered whether an employee's pay discrimination complaint was untimely. *Id*. at 509. The Court determined that the employee was required to file a complaint under the TCHRA within 180 days of the date the employee is informed of the alleged discriminatory pay decision. *Id.* at 510. The Court then considered whether the untimely filing of suit was a jurisdictional bar to suit, and observed that by its enactment of Section 311.034, the Texas Legislature had mandated that all statutory prerequisites to suit against governmental entities are jurisdictional. TEX. GOV'T CODE ANN. § 311.034 (West 2013); *Prairie View A&M Univ.*, 381 S.W.3d at 510-11. The Court

7

ultimately concluded that the University's plea to the jurisdiction should have been granted. *Prairie View A&M Univ.*, 381 S.W.3d at 510. However, in *Lueck* the Supreme Court explained that "the elements of section 554.002(a) [of the Whistleblower Act] are *not* statutory prerequisites to suit, but rather, elements of a statutory cause of action in a suit against a governmental entity." *Lueck*, 290 S.W.3d at 883 (emphasis added).

The statute of limitations may be raised as an affirmative defense. TEX. R. CIV. P. 94. However, our sister courts have repeatedly concluded that an affirmative defense of limitations under the Whistleblower Act cannot be raised in a plea to the jurisdiction but must be raised and proved in summary judgment proceedings. *Moore v. Univ. of Houston–Clear Lake,* 165 S.W.3d 97, 100 (Tex.App.--Houston [14th Dist.] 2005, no pet.) (assertion of limitations under the Whistleblower Act is affirmative defense which cannot be raised in plea to jurisdiction) (citing *Univ. of Houston v. Elthon,* 9 S.W.3d 351, 356–57 (Tex.App.--Houston [14th Dist.] 1999, pet. dism'd w.o.j.) (in Whistleblower case, proper method for asserting limitations defense is in motion for summary judgment), *disapproved on other grounds, Miranda,* 133 S.W.3d at 224)); *City of New Braunfels v. Allen*, 132 S.W.3d 157, 161-63 (Tex.App.--Austin 2004, no pet.) (recognizing that noncompliance with limitations provisions of the Whistleblower Act gives rise to affirmative defense of limitations but is not jurisdictional and does not constitute grounds for plea to jurisdiction); *Tex. Dep't of Mental Health & Mental Retardation v. Olofsson,* 59 S.W.3d 831, 833 (Tex.App.--Austin 2001, pet. dism'd) (same); *Castleberry Indep. Sch. Dist. v. Doe*, 35 S.W.3d 777, 782 (Tex.App.--Fort Worth 2001, pet. dism'd w.o.j) (limitations defense under Whistleblower Act is properly raised through summary judgment motion, not plea to jurisdiction). Our conclusion is the same.

Because the trial court erred in granting Madisonville's plea to the jurisdiction based on the affirmative defense of limitations, we sustain Sims' sole issue on appeal.

## CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for further proceedings.   TEX. R. APP. P. 43.2(d).

ANN CRAWFORD McCLURE, Chief Justice

September 28, 2018

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating